## Dollar Savings & Trust Company *v.* Bell.

*Negligence—Parties—Mistake of · law—Infant—Death.*

Where an action is brought for the negligent death of a man over twenty-one years of age, who had up to the time of his death lived with his mother, but who at his death had also a minor daughter living, and the mother retains a lawyer and brings suit in her own right, and as grandmother and next friend of her minor daughter, and afterwards the suit is compromised and separate verdicts are taken, one for the grandmother and the other for the minor, and it appears that there was no fraud committed either by the lawyer or the defendant in the negligence suit, and that no steps were taken to set the verdict aside, the lawyer cannot be compelled to pay to the minor the amount of money which he had collected and held for the grandmother.

Argued April 24, 1918. Appeal, No. 76, April T., 1918, by John F. Gloeckner, from decree of C. P. Allegheny Co., July T., 1916, No. 173, on bill in equity in case of Dollar Savings & Trust Company, Guardian of the Estate of Florence Evelyn Bell v. Julia A. Bell and John F. Gloeckner. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ.. Reversed.

Bill in equity for declaration of trust and to pay over money.

610, (1918).] Assignment of Error—Opinion of the Court.

The opinion of the Superior Court states the case.

*Error assigned* was the decree of the court.

*John F. Gloeckner,* for appellant.

*James W. Collins,* for appellee.

OPINION BY KEPHART, J., December 12, 1918:

The appellee filed a bill to recover from the attorney and his client money received by them in settlement of an action for damage against the George Hogg Company. The claim was founded on the negligence of that company in causing the death of Leon J. Bell, more than twenty-one years of age, father of Florence Bell, ward of the appellee. The attorney, believing that the deceased, while living, stood in "family relation" to his mother, Julia A. Bell, had her institute an action against the Hogg company as grandmother and next friend of the minor, and in her own right as mother of the deceased. There is nothing in the evidence to prove nor does the bill aver that the grandmother or the attorney fraudulently or with any design to deprive the daughter of any money caused the action to be so entered. The Act of 1855 names the persons entitled to recover damages for injuries causing death. It is admitted that the mother, Mrs. Bell, could not recover in her own right. There is nothing, however, to show the George Hogg Company did not regard the grandmother's claim as being just as valid as the daughter's. When the company afterward settled, by an agreement duly signed, followed by verdicts awarding the minor $1,000 and the grandmother $1,750, there is nothing to show that this was not exactly the measure of liability the defendant company regarded itself as being accountable for. When the verdicts were taken, the defendant knew just to whom it was to pay and counsel for the plaintiff was fixed with the knowledge as to whom the money was to be paid. Unless there

was collusion between the plaintiff and the defendant, which has not been shown, there is absolutely nothing to contradict the recorded facts that the defendant was liable as there found. There is no evidence to show that the George Hogg Company would have paid the sum of $2,750 to the minor had suit been instituted solely for her. Without any effort to correct a perfectly good record in the Court of Common Pleas by striking off the verdicts, and without allegation challenging the good faith of the parties, the whole claim, under the bill and evidence, is based on an alleged error in law of the attorney in the manner of bringing suit. But, as we have said, the other side of the controversy did not regard this as an error. No move was made to contest it. The company believed the action proper, as is evidenced by the paper of settlement, and submitted to a verdict for a definite amount in favor of each litigant. The evidence and the averments in the bill were insufficient to sustain the decree, but the appellant only objects to that portion of the decree which requires him to pay the sum of $500 in case Julia A. Bell, who had received this sum from the attorney, did not pay the same to the guardian within twenty days.

The assignments of error are sustained. The decree of the court below is modified by striking these objectionable features from it and as thus modified the decree will stand. The costs of this appeal to be paid by the appellee.